**Lizhen ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondent.**

No. 06–0687–AG.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, Patricia Allen Conover, Assistant United States Attorney, Montgomery, AL, for Respondent.

Present GUIDO CALABRESI, B.D. PARKER, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part, and VACATED and REMANDED in part.

Lizhen Zhao, a native and citizen of the People's Republic of China ("China"), seeks review of a January 26, 2006, order of the Board of Immigration Appeals ("BIA") affirming the October 27, 2004, decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that Zhao had filed a frivolous application. *In re Lizhen Zhao, a.k.a. Li Zhen Zhao*, No. A96 145 211 (B.I.A. Jan. 26, 2006), *aff'g* No. A96 145 211 (Immig. Ct. N.Y. City Oct. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

For the reasons that follow, we deny that portion of the petition that challenges the IJ's and BIA's denial of asylum on the grounds that Petitioner's asylum claim is barred by her frivolous application. We further deny that portion of the petition challenging the denial of Petitioner's CAT claim. However, because of errors in the IJ's assessment of Petitioner's credibility, we must vacate and remand the petition for further consideration of Petitioner's claim that she is entitled to withholding of removal under 8 U.S.C. § 1231(b)(3).

■ In *Yuanliang Liu v. Dep't of Justice*, 455 F.3d 106 (2d Cir.2006), we remanded the case to the BIA and directed that the agency develop standards by which to evaluate a frivolousness determination. In that case, we noted that under 8 C.F.R. § 1208.20, a finding of frivolousness requires evidence that the alien has deliberately fabricated a *material* element of his or her asylum claim and has been given sufficient opportunity to address the perceived problems associated with the claim. We then identified the following "emergent standards" that should be considered in determining whether an application is frivolous 1) a finding of frivolousness cannot be based on an adverse credibility determination alone; 2) sufficient opportunity must be given to the alien to explain any discrepancies or implausible aspects of the claim; and 3) "concrete and conclusive evidence of fabrication" must be shown. *Yuanliang Liu*, 455 F.3d at 113–15. Because we find that the agency's frivolousness determination in the instant case meets the "emergent standards" suggested in *Yuanliang Liu, id.*, we uphold that determination.

Zhao filled out an asylum application in 2002, and she was interviewed by an asylum officer in 2003. In her application, she claimed that she was persecuted by the authorities in China because she was an active Christian. Among other things, Zhao alleged in the application that the police arrested, interrogated, and handcuffed her; "tore open [her] upper clothes ... shocked [her] with an electric baton on [her] breasts until [she] was shivering all over," detained her for ten days in a "small, dirty and stinky" room where she was only given one meal a day, forced her to sign "a guarantee statement of not participating in the illegal religious gatherings," forced her parents to pay a 6,000 RMB fine, threatened her, made her "report to them regularly and be ready to be summoned," told her to register with the government approved church or quit her religious beliefs, ordered her "to speak in a TV program criticizing illegal religious activities ... at the end of March 2002, stating to the public how [she] repented[ed] ... [and] exposing that [her] Pastor Tian was engaged in antigovernment activities by organizing illegal religious activities," and threatened that if she did not comply with the police orders, she would again be arrested. Zhao also alleged that her work unit suspended her from her job.

At her first master calendar hearing, Zhao's attorney represented that he had reviewed Zhao's asylum application with her, and that she would rely on that application, but would "make some corrections" to it. The IJ then informed Zhao's counsel that for the next court date, the IJ "either wanted an absolute representation by counsel that every question, every answer, every word on any competent statement were [sic] translated to [Zhao] and she's fully aware of the contents and represents that everything there is true, accurate, and complete." At the second master calendar hearing, Zhao filed an amendment to her application which contained "some minor corrections" concerning the legal status of her marriage in China, and a supplemental statement explaining why she was making these changes to the application. Zhao's

counsel represented to the Court "that every question and every answer and every page of the asylum application, every word in [the] supplemental statement, were [sic] translated to [Zhao], and she represent[ed] that she [was] fully aware of the contents and represent[ed] that everything in it [was] true, accurate, and complete." Eight months later, at the beginning of her merits hearing, Zhao submitted a short "Supplemental Asylum Application," which was notarized on the day of the hearing, and in which she claimed that she was an active Christian in the United States and she believed that it was her "duty ... to spread the Words of God so that other people can be saved." During the hearing, Zhao's attorney stated that Zhao wished to "destroy her claim based on the past persecution in China," and that she intended, instead, to base her claim on being baptized into the Christian faith in the United States. When questioned why she wanted to "destroy" her claim, Zhao "admitted that she had done wrong in the past ... [had] exaggerated" and did "not want to depend on [her] past statement," but, rather wanted "to depend on what [she] ... now [claimed]" about fearing persecution should she return to China. On cross-examination, Zhao admitted that she was told by "a company" how to "enhance" her claim and to apply for asylum. Although Zhao at first did not "want to talk about [her fabricated claim] any more [sic]," when pressed on which aspects of her application were still valid, Zhao ultimately admitted, contrary to her application, that she was never an evangelical Christian in China; she was never electrocuted on her breasts by the police; the authorities were not looking for her and did not issue a warrant for her arrest; the letter from her parents stating that she was a Christian and that she was arrested and injured by the police—who were still looking for her—was written by her parents after she told them what to write,

even though they did not want to write these falsehoods; and she repeated all of these lies to the Asylum Officer during her asylum interview, the previous year.

Zhao did not dispute, during the merits hearing or on appeal, and she does not dispute now, that she had been warned about making a frivolous application. Further, Zhao does not contest that she knowingly fabricated the *material* elements of her initial claim. Indeed, in her appeal and her brief to this Court, Zhao "recants" her initial claim, "confess[es]," acknowledges that she engaged in "misrepresentation," "admit[s] it was not true ... admit[s] to her wrongdoing and ask[s] forgiveness of God and the Court." Zhao claims in her brief to this Court that the agency's frivolousness finding was erroneous, because she "effectively recanted the story and did not testify to her original written asylum application," and there was "no indication or evidence that [she] has deliberately fabricated the *material* elements of her asylum claims based on her fear of future persecution on account of her Christian faith acquired in the United States and her preaching activities." However, such an interpretation of frivolousness under the Immigration and Nationality Act would effectively void 8 U.S.C.A. § 1158(d)(6) and 8 C.F.R. § 1208.20. Under 8 U.S.C. § 1158(d)(6), an alien who has "knowingly made a frivolous application for asylum ... [is] permanently ineligible for any benefits under this chapter." Accordingly, we affirm the IJ's and BIA's decision that because Zhao knowingly made a frivolous application she is ineligible for asylum. 8 U.S.C. § 1158(d)(6).

Having upheld the dismissal of the asylum challenge on the preceding grounds, we now turn to Zhao's application for withholding of removal under 8 U.S.C. § 1231(b)(3) and under the Convention

Against Torture (CAT), 8 C.F.R. § 1208.16(c). We note that an alien may still be eligible for withholding of removal, despite having filed a frivolous application, where the alien can show it is more likely than not that deportation would result in persecution, 8 C.F.R. § 1208.20 ("For the purposes of this section, a finding that an alien filed a frivolous asylum application shall not preclude the alien from seeking withholding of removal."); *see also Yuan-liang Liu,* 455 F.3d at 112 n. 2, or that the alien would be tortured if returned, *Yuan-liang Liu,* 455 F.3d at 112 n. 2 (noting case should "not be construed to ... bar an alien, who is determined to have filed a frivolous application, from seeking any relief that is not otherwise barred by 8 U.S.C. § 1158(d)(6) or any other applicable law").

■ The IJ's finding that Petitioner has not shown that it would be more likely than not that she would be tortured if returned to China is supported by substantial evidence with respect to Petitioner's CAT claim. 8 C.F.R. §§ 1208.16(c), 1208.17 (requiring withholding or deferral of removal under CAT if alien shows it is more likely than not that she will be tortured if returned to her home country). Zhao did not testify that she feared torture if returned to China, even when prodded by her attorney to that end, and the three articles she submitted on religious persecution in China do not indicate that she or anyone similarly situated would more likely than not be tortured for preaching the Gospel in China. Moreover, the IJ considered the information in that report, which showed "some individuals who are detained in China may be subjected to mistreatment that may rise to the level of torture," but found that there was insufficient evidence in this case "to establish that [Zhao] [would] be, in fact, detained and that it is more likely than not that she would be tortured." In her appeal to the BIA and her brief to this Court, Zhao presents no evidence or arguments to challenge effectively the IJ's finding here, but rather, simply argues that, because torture exists in Chinese prisons and Zhao could be imprisoned, she had demonstrated eligibility under CAT. We reject that argument and deny Petitioner's CAT claim.

We turn to Petitioner's withholding claim. The IJ here denied Zhao's withholding claims because he found that Zhao's testimony was not credible as to when she began practicing Christianity, the denomination of her church, the significance of the Gospel, and the number of Gospels. These adverse credibility findings, however, are not supported by substantial evidence. Given the IJ's ambiguous questioning, and the fact that the term "Gospel" refers to both the message of Jesus as well as the four "Gospels" in the Christian New Testament, the IJ's conclusion as to that aspect of Zhao's testimony is not supported. Additionally, Zhao was initially accurate as to her Church's denomination, and her hesitation as to when she began "practicing" Christianity, while possibly suspect, is also reasonable under the circumstances of the testimony.

Nor can we say that the IJ's alternative finding that even if Zhao were found to have been credible, she still did not demonstrate a well-founded fear of persecution or show it is more likely than not she would be persecuted if returned to China. Petitioner submitted articles, as well as the 2003 State Department Country Reports on Human Rights Practices in China, that document the persecution of some Christians in China. The IJ's analysis does not address why Petitioner, as a practicing evangelical Christian, is not probably going to be persecuted if deported. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004) (noting with respect to CAT claim, which has objective component regarding evidence of possibili-

ty of torture, IJ must determine whether someone in alien's particular circumstances is more likely than not to be tortured). While the IJ may have had other rationales for rejecting Petitioner's withholding of removal claim, in light of our conclusion that his finding as to Petitioner's credibility is unsubstantiated, those reasons are not sufficiently articulated to permit meaningful review by this Court. *See Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006) (per curiam); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006) ("In our view, the IJ's denial of [the petitioner's] application for withholding of removal is based on reasoning that, in light of the record, is insufficient for us to permit meaningful review of the decision"). We vacate and remand for further consideration of this portion of Petitioner's claim for withholding based on the probability she would be persecuted.

For the foregoing reasons, the petition for review is DENIED in part and VACATED and REMANDED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).